[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Washington Park is a public park owned and maintained by the City of New Britain. On August 19, 1988 the plaintiff, while walking in said park, fell when his foot became lodged between a drain cover and a flat metal bar attached thereto. As a result of the fall the plaintiff sustained an injury to his ankle. He brings suit against the City of New Britain claiming negligence, and a public nuisance.
Sections 52-557g and 52-557h of the Connecticut General Statutes are applicable to the plaintiff's cause of action. Section 52-557g provides:
 "(a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge. . . for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes."
Section 52-557h provides in pertinent part as follows:
 "Nothing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity. . . ."
The court finds that the metal strap which caused the plaintiff to fall had been tack welded to the drain cover once in 1973 and again in 1980 and 1981. Prior to the installation of the metal strap, the drain cover had been removed by vandals, CT Page 9156 and the purpose of installing the metal strap was to stop such vandalism from occurring. The tack welding had become corroded over the years, thus causing the metal strap to buckle. This caused the plaintiff's foot to get caught in the space between the metal strap and the drain cover. The court does not believe that the plaintiff has met his burden of proving that the City of New Britain acted wilfully or maliciously.
Accordingly, judgment may enter for the defendant.
FRANCES ALLEN SENIOR JUDGE